UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-0141 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| (2) TYRONE LEONARD and<br>(4) DARRYL NIGEL WILLIAMS, | |
| Defendants. | |

Thomas Calhoun-Lopez, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Kevin M. O'Brien, O'BRIEN LAW OFFICE, for defendant Tyrone Leonard.

Daniel S. Le, LE LAW GROUP, for defendant Darryl Nigel Williams.

This matter is before the Court on the objections of defendants Tyrone Leonard (ECF No. 261) and Darryl Nigel Williams (ECF No. 259) to the Report and Recommendation filed by Magistrate Judge Franklin L. Noel on October 26, 2016 (ECF No. 253). Judge Noel recommends denying Leonard's and Williams's motions to suppress evidence.[1] *See* ECF No. 253 at 8. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Based on that review, the Court overrules Leonard's and Williams's objections and adopts Judge Noel's R&R.

Only two matters merit comment:

---

[1] Leonard originally filed two motions to suppress, *see* ECF Nos. 189, 190, but he later withdrew his second motion, *see* ECF No. 240 at 1.

First, as to Leonard's motion: Leonard argues that police lacked probable cause to search his car. ECF No. 261 at 1-2. But Officer Gabriel Grout searched Leonard's car only after detecting the odor of burned marijuana coming from the car. ECF No. 237 at 48. "[T]he smell of marijuana, along with . . . credible testimony by the officer, is sufficient to establish probable cause to search an automobile" when the officer has been "trained in the detection of controlled substances, including the odor of . . . burned marijuana." *United States v. Smith*, 789 F.3d 923, 929 (8th Cir. 2015).

Leonard protests that Grout's training was "simply based on burning marijuana, without any effort made to train [Grout] to distinguish that odor from other, similar odors." ECF No. 261 at 2. But in order to lawfully search a car for marijuana, Grout needs only probable cause—not proof to a scientific certainty or beyond a reasonable doubt. "A police officer has probable cause to conduct a search when the facts available to [him] would warrant a [person] of reasonable caution in the belief that contraband or evidence of a crime is present." *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013) (internal quotation marks omitted). This is a "practical and common-sensical standard." *Id.* All that is required is "the kind of fair probability on which reasonable and prudent [people], not legal technicians, act." *Id.* (internal quotation marks omitted).

Grout was a six-year veteran of the police force. ECF No. 237 at 44. He had been specifically trained to identify the smell of marijuana. *Id.* at 49. He had encountered

marijuana in his investigatory work "hundreds of times." *Id.* And he had "smelled burning marijuana and then later confirmed that it was in fact marijuana" on roughly "a hundred" prior occasions. *Id.* Under these circumstances, the fact that Grout smelled the odor of burned marijuana gave rise to a "fair probability" that someone in Leonard's car possessed marijuana.

Second, as to Williams's motion: Williams moves for a *Franks* hearing to "challenge the veracity" of the warrant affidavit submitted by Officer Adam Lepinski. *Franks v. Delaware*, 438 U.S. 154, 155 (1978). To obtain a *Franks* hearing, Williams must show that (1) Lepinski "intentionally or recklessly included a false statement in the warrant affidavit," and (2) "the false statement was necessary to the finding of probable cause." *United States v. Shockley*, 816 F.3d 1058, 1061 (8th Cir. 2016). Because Williams's request fails on the first prong, the Court need not examine the second prong.

Williams argues that Lepinski intentionally or recklessly misrepresented the facts when he submitted an affidavit accusing Williams of being "involved in what may have been a shooting incident on 11/21/2015." ECF No. 120-1 at 12. Williams claims that this was an intentional or reckless misrepresentation because Lepinski knew that "there was no shooting" that day, and in any event, Williams was "cleared and released from the scene" after being stopped by the police. ECF No. 237 at 20, 22.

But Williams does not seriously challenge the following facts, all of which were duly recounted in Lepinski's affidavit: On November 21, 2015, Williams's wife called the police and told them that Williams had just left his home with a few friends in a tan Chevrolet Tahoe. ECF No. 120-1 at 13. More importantly, she said that Williams and his friends had a handgun with them, and that they were driving to Minneapolis with the intention of shooting someone. *Id.* About two hours later, the Minneapolis police received a 911 call reporting that Williams and his friends were "causing a disturbance" inside a corner store that was known as a hangout for members of a rival gang. *Id.* The police responded to the scene, stopped the tan Tahoe, and arrested one of Williams's friends after he fled from the scene, dropping a loaded handgun in the process. *Id.* Williams was questioned about his involvement in this incident, but ultimately released without being arrested. *Id.* at 3-7, 13.

Lepinski's affidavit stated that Williams was "*involved* in what *may* have been a shooting *incident*" on November 21. *Id.* at 12 (emphasis added). The wording is clumsy, but this sentence cannot reasonably be characterized as an intentional or reckless attempt to deceive the judge. Lepinski does not say that Williams shot anyone—or even that there was a shooting. Instead, Lepinski says that Williams was "involved" in something that "may" have been a "shooting incident." This is accurate, as Williams

was involved in a series of events that were *intended* to culminate in a shooting—and that may have culminated in a shooting had police not intervened.

Lepinski used the kind of wooden "police speak" often found in affidavits, and that made the sentence ambiguous. But ambiguity and dishonesty are not the same thing. Taken as a whole, the record provides no reason to conclude that Lepinski intentionally or recklessly misled the judge who issued the search warrant. Williams is therefore not entitled to a *Franks* hearing.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Magistrate Judge Franklin L. Noel's Report and Recommendation of October 26, 2016 [ECF No. 253] is ADOPTED.

2. The objections of defendants Darryl Nigel Williams and Tyrone Leonard objections to the R&R [ECF Nos. 259, 261] are OVERRULED.

3. Williams's motion to suppress [ECF No. 119] is DENIED.

4. Leonard's motion to suppress [ECF No. 189] is DENIED.

5. Leonard's motion to suppress [ECF No. 190] is deemed WITHDRAWN.

Dated: December 8, 2016             s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge